**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO BLANCO-MARTINEZ, | No. 17-70033 |
| Petitioner, | Agency No. A074-438-408 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2021
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RESTANI,**Judge.

Roberto Blanco-Martinez (Blanco-Martinez), a native and citizen of El

Salvador, petitions for review of the decision of the Board of Immigration Appeals

(BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his requests

for asylum, withholding of removal, and withholding of removal under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's conclusion that an applicant has not established eligibility for asylum, *see Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013), and relief under CAT, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). We conclude that substantial evidence supports the BIA's denial of asylum, withholding of removal, and relief under CAT.

To qualify for asylum, a petitioner's "well-founded fear of persecution must be both subjectively genuine and objectively reasonable." *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004) (citation omitted). Blanco-Martinez did not present evidence showing that the chain of events he speculates about in his testimony is likely to occur or that his prior military affiliation would be broadcasted such that he had an objectively reasonable fear of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1021–22 (9th Cir. 2006) (holding that Petitioner's fears based on information gathered from family and friends and a brief detention constituted "speculation" and not "objective evidence demonstrating a well-founded fear of persecution"). Thus, substantial evidence supports the BIA's conclusion that Blanco-Martinez did not establish a well-founded fear of future persecution as required by 8 U.S.C. § 1158(b)(1)(B)(i).

Although the IJ did not give Blanco-Martinez notice that corroboration of his testimony was required or an opportunity to produce it at his final hearing,

2

Blanco-Martinez had multiple opportunities to corroborate his testimony in four hearings. Furthermore, any argument that Blanco-Martinez did not receive sufficient notice and opportunity to present corroborative evidence under *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011), is waived on appeal because he failed to raise the issue in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Because Blanco-Martinez failed to meet his burden for asylum, the BIA's determination that Blanco-Martinez failed to meet the higher standard withholding of removal requires is also supported by substantial evidence. *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of withholding of removal under the CAT. Blanco-Martinez presented evidence of widespread criminality and violence in El Salvador, without sufficiently showing how he would specifically be targeted, which is not enough to establish eligibility for relief under the CAT. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Blanco-Martinez's concerns regarding the Salvadoran police's inability to protect him from gang violence, are not enough to establish government acquiescence to torture because "[a] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (internal citation and quotation marks

omitted).

For the foregoing reasons, Blanco-Martinez's petition for review is **DENIED.**